IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY JERROLD KIPP, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-243-RP |
| LORIE DAVIS, | § § | |
| Defendant. | § § | |

### ORDER

Before the Court in the above-entitled action is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254. (Dkt. 1, Dkt. 9). The case was referred to United States Magistrate Judge Mark Lane pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Magistrate Judge Lane filed his Report and Recommendation to deny Petitioner's application on August 19, 2016. Petitioner filed an objection to that report on September 2, 2016, arguing that (1) the magistrate judge erroneously recommended that his application be denied; (2) he is entitled to a hearing before an Article III judge; and (3) the magistrate judge erroneously recommended that a certificate of appealability should not be issued. (Dkt. 15).

**I. Objection to Magistrate's Recommendation that Petitioner's Application be Denied**

In light of Petitioner's objections, the Court has undertaken a *de novo* review of the entire case file in this action. The Court is of the opinion that the objections do not raise any issues that were not adequately addressed in the Report and Recommendation.[1] Therefore, finding no error, the

---

[1] In his Objection, Petitioner complains that the Texas Court of Criminal Appeals and the state trial court did not adequately consider all of his claims during state habeas review, denying him meaningful access to the court system. (Obj., Dkt. 15, at 1–2). This claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for

1

Court will accept and adopt the Report and Recommendation as filed for substantially the reasons stated therein.

## II. Petitioner's Alleged Entitlement to Hearing Before an Article III Judge

28 U.S.C. § 636(b) provides that a judge may "designate a magistrate judge to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of . . . applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B). After the magistrate judge files his proposed findings and recommendations with the court, a judge of the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1)(C). The judge "may also receive further evidence," but is not required to do so. *See id.*

## III. Denial of Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's constitutional

---

federal habeas corpus relief. *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001); *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984).

claim on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could neither debate the denial of Petitioner's Section 2254 application on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

**IT IS ORDERED** that Petitioner Timothy Jerrold Kipp's Objection to the Report and Recommendation (Dkt. 15) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 14) is **ACCEPTED AND ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Timothy Jerrold Kipp's Petition for a Writ of Habeas Corpus (Dkt. 1) is **DISMISSED**.

**IT IS FINALLY ORDERED** that a Certificate of Appealability is **DENIED**.

**SIGNED** on January 30, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE